BAKER, Judge,
dissenting.
I respectfully dissent. I acknowledge that our Supreme Court has made it clear that “[a] defendant ‘may not enter a plea agreement calling for an illegal sentence, benefit from that sentence, and then later complain that it was an illegal sentence.’ ” Lee v. State, 816 N.E.2d 35, 40 (Ind.2004) (quoting Collins v. State, 509 N.E.2d 827, 833 (Ind.1987)).
Nevertheless, while this may be acceptable for someone who reaps a “significant benefit” such as avoiding a thirty-year sentence or the death penalty, such a benefit was not gained by Koontz in this case. Stites v. State, 829 N.E.2d 527, 529 (Ind.2005) (reasoning that “Stites received a significant benefit from her plea agreement [when] she received less than the maximum possible sentence of sixty years, and the State agreed not to seek the death penalty”); see also Lee v. State, 816 N.E.2d 35, 37 (Ind.2004) (holding that Lee could not complain of illegal consecutive sentences that were part of a plea agreement in which the State dismissed the habitual offender allegation, allowing Lee to avoid an additional thirty-year term); Games v. State, 743 N.E.2d 1132, 1134-35 (Ind.2001) (noting that “Games bargained for a sentence between sixty and 118 years in order to avoid the death penalty” and, accordingly, had “waived his right to chai- *851 lenge his sentence on double jeopardy grounds”); Collins, 509 N.E.2d at 832-33 (observing that Collins agreed to plead to guilty to voluntary manslaughter, received credit for time served, and had his remaining time suspended and, therefore, could not challenge the conviction because the suspended portion of his sentence was illegal).
Indeed, even in Davis v. State, a case in which the defendant seemed to reap the least benefit, Davis still pleaded guilty to class C felony robbery. 771 N.E.2d 647, 647-48 (Ind.2002). In exchange, Davis was sentenced to five years, with three years suspended and two years to run consecutively to a sentence imposed in a separate proceeding. Id. at 648.
By contrast, in this case, Koontz pleaded guilty to two misdemeanors. Although the State dismissed two of the charges, Koontz did not have the benefit of having two charges dismissed. More particularly, had the case proceeded to trial, Koontz could not have been convicted of operating a vehicle while intoxicated and operating a vehicle with an ACE of .08 or more. Hornback v. State, 693 N.E.2d 81, 85 (Ind.Ct.App.1998). Thus, the practical effect is that only the charge of class B misdemean- or false informing was dismissed pursuant to the plea agreement. Nevertheless, Koontz was exposed to a combined term of imprisonment and probation that exceeded statutory limits. Accordingly, in cases where the offenses are misdemeanors or minor felonies, the potential for abuse could be too great to justify permitting the imposition of illegal sentences through plea agreements. Therefore, I would reverse.